13-4143-pr
Anthoulis v. State of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of October, two thousand fourteen.

Present:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> DENNY CHIN,
> > *Circuit Judge*,
> LORETTA A. PRESKA,
> > *Chief District Judge*.\*

---

SPIRIDON ANTHOULIS,

> *Petitioner-Appellant*,

v.                                                     No. 13-4143-pr

STATE OF NEW YORK, THE ATTORNEY GENERAL
OF THE STATE OF NEW YORK,

> *Respondents-Appellees*.

---

---

\* The Hon. Loretta A. Preska, Chief Judge of the United States District Court for the Southern District of New York, sitting by designation.

| For Petitioner-Appellant: | RAYMOND J. AAB, Koehler & Isaacs, LLP, New York, NY. |
|---|---|
| For Respondents-Appellees: | JODI A. DANZIG, Assistant Attorney General (Barbara D. Underwood, Solicitor General, Nikki Kowalski, Deputy Solicitor General for Criminal Matters, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY. |

Appeal from the United States District Court for the Eastern District of New York (Cogan, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the decision of the district court is **AFFIRMED**.

Petitioner-Appellant Spiridon Anthoulis appeals from an October 21, 2013 order of the United States District Court for the Eastern District of New York (Cogan, *J.*), which denied Anthoulis's petition for a writ of habeas corpus under 28 U.S.C. § 2254. On January 26, 2007, Anthoulis pled guilty pursuant to a plea agreement in New York state court to felony third-degree grand larceny and misdemeanor failure to pay prevailing wages. After obtaining new counsel who advised him of various potential defenses, including a statute of limitations defense to the prevailing-wage charge that the State now concedes would have been meritorious, Anthoulis unsuccessfully moved to withdraw his guilty plea. He was then sentenced to time served, five years' probation, five years' debarment from public work in New York, and restitution of up to approximately $7.26 million. Anthoulis's conviction was affirmed on direct review, and on post-conviction review the state trial court denied Anthoulis's claim for ineffective assistance of counsel on the ground that he had not established a reasonable probability that he would have rejected the plea agreement if he had been properly advised. Applying the deferential standard of review required under 28 U.S.C. § 2254(d), the district

2

court below then denied Anthoulis's ineffective assistance claim on the ground that the state court's denial of that claim was not unreasonable. The district court granted a certificate of appealability solely with respect to Anthoulis's claim for ineffective assistance of counsel. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

"We review de novo a district court's decision to grant or deny a habeas petition." *Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006). Under 28 U.S.C. § 2254(d), a habeas petitioner in state custody is entitled to relief on a claim that was adjudicated on the merits by a state court only if the state court's decision either "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." Furthermore, under 28 U.S.C. § 2254(e)(1), state court factual findings are "presumed to be correct" and can be rebutted by the petitioner only "by clear and convincing evidence." These standards are "difficult to meet," *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011), and "reflect[] the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (quoting *Jackson v. Virginia,* 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring in judgment)).

To prevail on a claim of ineffective assistance of counsel under the Sixth Amendment, a petitioner must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner "must show that the deficient

3

performance prejudiced the defense," *id.* at 687, that is, that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "[W]here a defendant complains that ineffective assistance led him to accept a plea offer as opposed to proceeding to trial, the defendant will have to show 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

The district court faithfully followed these standards in this case. Under the deferential standard required by § 2254(d), we agree with the district court that the state court neither unreasonably determined the facts nor unreasonably applied *Strickland* when it held that there was no reasonable probability that Anthoulis would have rejected the plea agreement if he had received constitutionally adequate advice. If Anthoulis had rejected the deal, then he, his wife, and his brother-in-law were each facing multiple felony charges, including for second-degree grand larceny, a class C felony carrying a maximum sentence of five to fifteen years' imprisonment. *See* N.Y. Penal Law §§ 70.00(2)–(3), 155.40(1). But if he accepted the deal, Anthoulis would serve no more than six months in prison, his wife would avoid incarceration, and his brother-in-law would avoid prosecution altogether. Morever, the merits of all but one of the potential defenses about which Anthoulis's former counsel failed to advise him were uncertain, and only the statute of limitations defense to the prevailing-wage charge was certain to succeed. In these circumstances, a fairminded jurist could reject Anthoulis's conclusory statement that he would have rejected the deal and insisted on going to trial.

In the alternative, Anthoulis offers two additional theories of prejudice. First, he contends that even if he would not have insisted on going to trial, the potential defenses would have enabled him to negotiate a more favorable plea agreement. But Anthoulis did not advance this theory of prejudice before the state courts or the district court below, leaving it beyond the certificate of appealability and unexhausted. *See* 28 U.S.C. §§ 2253(c), 2254(b), (c). And even if this theory were properly before us, it is based on mere speculation about how plea negotiations would have proceeded and is therefore unavailing. Second, Anthoulis contends that his former counsel was conflicted by virtue of having represented Anthoulis, his wife, his brother-in-law, and the two relevant corporations. In this regard, Anthoulis notes that "[a] defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief." *Cuyler v. Sullivan*, 446 U.S. 335, 349–50 (1980). But this argument too is beyond the certificate of appealability and unexhausted. It is also without merit, because, while Anthoulis may have shown a conflict of interest, he has not established, or even argued, that that conflict "adversely affected his lawyer's performance." *Id.* at 348.

Anthoulis advances a number of other arguments, but because they are also beyond the certificate of appealability, they are not properly before us.

We have considered all of the petitioner's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the decision of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK